# No. 25-60342

U.S. COURT OF APPEALS
RECEIVED
Sep 26, 2025
FIFTH CIRCUIT

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

Christopher R. Knox,

Plaintiff - Appellant

v.

University of Mississippi,

Defendant - Appellee

---

**On Appeal from**
United States District Court for the Northern District of Mississippi

3:24-CV-229

---

# BRIEF OF APPELLANT CHRISTOPHER KNOX

SUBMITTED BY:

Christopher R. Knox

1191 Highway 30, E.
New Albany, MS 38652

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th CIR Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| **Appellees:** | **Counsel for Appellees:** |
|---|---|
| University of Mississippi | Paul Watkins of Mayo Mallette, P.L.L.C. Oxford, MS |

| **Appellants:** | **Counsel for Appellants:** |
|---|---|
| Christopher Knox | Christopher Knox New Albany, MS |

| **Other Interested Parties:** | **Counsel for Interested Parties:** |
|---|---|
| | |
| | |
| | |

S/Christopher R. Knox
Attorney of record for Pro Se (self

**CERTIFICATE OF INTERESTED PERSONS**

Pursuant to 5th Cir. R. 28.2.1, the undersigned certifies that the following listed persons and entities, as described in the rule, have an interest in the outcome of this case. These representations are made so that the judges of this court may evaluate possible disqualification or recusal.

1. Christopher R. Knox – Plaintiff/Appellant, Pro Se
2. University of Mississippi – Defendant/Appellee

No other persons or entities are known to have an interest in the outcome of this case.

Respectfully submitted,

S/Christopher R. Knox

Christopher R. Knox

Plaintiff/Appellant, Pro Se (self-represented)

## STATEMENT REGARDING ORAL ARGUMENT

Appellant, appearing pro se, respectfully requests oral argument. Appellant believes that oral presentation would assist the Court in understanding the factual record and legal issues in this case, and that oral argument will significantly aid the decisional process

# TABLE OF CONTENTS

Contents Page(s)

CERTIFICATE OF INTERESTED PERSONS .......... iv

TABLE OF CONTENTS .......... vii

TABLE OF AUTHORITIES .......... 1

JURISDICTIONAL STATEMENT .......... 2

STATEMENT OF THE ISSUES .......... 3

STATEMENT OF THE CASE .......... 4

SUMMARY OF THE ARGUMENT .......... 6

ARGUMENT .......... 13

CONCLUSION .......... 15

CERTIFICATE OF SERVICE .......... 16

CERTIFICATE OF COMPLIANCE .......... 18

## TABLE OF AUTHORITIES

**Cases……………………………………………………………………Pages(s)**

Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006) .......... [pp.]

McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) .................. [pp.]

Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133 (2000) ......... [pp.]

Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338 (2013) ............. [pp.]

42 U.S.C. § 2000e-2(a) ................................................ [pp.]

42 U.S.C. § 2000e-3(a) ................................................ [pp.]

42 U.S.C. § 2000e et seq. (Title VII of the Civil Rights Act of 1964) .. [pp.]

Fed. R. App. P. 28(a)(3) ............................................. [pp.]

Fed. R. Civ. P. 4(h)(1)(B) ............................................ [pp.]

Fed. R. Civ. P. 56 .................................................... [pp.]

EEOC Compliance Manual, Section 8: Retaliation ........................ [pp.]

## JURISDICTIONAL STATEMENT

This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. The district court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 42 U.S.C. § 2000e-5(f)(3) (jurisdiction over Title VII employment discrimination claims).

The United States District Court for the Northern District of Mississippi entered a final judgment dismissing Appellant's complaint on 06/09/2025 in Case No. 3:24-cv-00229-MPM-JMV.

This Court has jurisdiction over this appeal under 28 U.S.C. § 1291, which confers jurisdiction over appeals from final decisions of the district courts of the United States.

Appellant timely filed a Notice of Appeal on 8/27/25 within the time prescribed by Federal Rule of Appellate Procedure 4(a)(1)(A).

## STATEMENT OF THE ISSUES

1. Whether the district court erred in dismissing Appellant's complaint on the grounds of improper service, despite Appellant serving the University's Office of General Counsel, which acts as the legal representative of the University of Mississippi in all legal matters.

2. Whether Appellant presented sufficient facts to establish a prima facie case of employment discrimination under Title VII, where Appellant, an African American male with over 30 years of experience and a college degree, was consistently paid less than similarly situated employees with less or no experience.

3. Whether Appellant's evidence supported a claim of retaliation, where Appellant filed discrimination complaints and subsequently suffered adverse employment actions, including denial of job transfers, rejection from multiple positions, and eventual termination following the closure of his department.

4. Whether dismissal of Appellant's claims without a hearing deprived him of a fair opportunity to have his

case considered on the merits, in violation of due process principles (Case was dim due

**STATEMENT OF THE CASE**

Appellant, Christopher R. Knox, is an African American male with over thirty years of experience in printing services and a college degree. He was hired by the University of Mississippi in 2014 at a salary below the minimum listed range for his job title. Despite his extensive experience, Appellant consistently earned less than newly hired employees with little or no experience.

In 2017, Appellant’s pay was reduced, allegedly due to a temporary assignment, even though no written agreement or documentation classified his position as temporary. Around this same period, new employees without prior printing experience were hired at equal or higher pay. Appellant raised concerns about the pay disparity through internal channels, but his concerns were not addressed.

In 2018, Appellant filed a complaint with the Equal Employment Opportunity Commission (EEOC) regarding unequal pay. Shortly thereafter, Appellant alleges that he began experiencing retaliation, including denial of promotions, rejection from numerous job applications within the University, and lack of placement into available positions for which he was qualified.

In 2022, the University announced the closure of its Printing Services Department. Although other employees in the department were successfully placed into new positions, Appellant was not reassigned despite his efforts to apply for more than a dozen open roles. He was laid off effective June 1, 2023.

Appellant filed suit alleging discrimination and retaliation under Title VII. The district court dismissed the case on grounds of improper service, concluding that Appellant failed to serve the correct party. Appellant contends that service was made upon the University’s Office of General Counsel, which is the University’s legal representative in all matters, and that dismissal on this basis was improper.

Appellant now seeks review of the dismissal of his case and requests that the matter be reinstated so that his

claims of discrimination and retaliation may be heard on their merits.

## SUMMARY OF THE ARGUMENT

# SUMMARY OF ARGUMENT

The district court erred in dismissing this case on procedural grounds, concluding that Appellant had failed to properly serve the University of Mississippi. Appellant served the University's Office of General Counsel, which the University itself identifies as its legal representative in all litigation matters. Under Federal Rule of Civil Procedure 4(h), service on the University's authorized legal agent was valid. The dismissal deprived Appellant of his day in court and prevented consideration of his discrimination and retaliation claims.

On the merits, Appellant presented evidence sufficient to establish prima facie claims of race discrimination and retaliation under Title VII. Appellant, an African American male with a college degree and decades of experience in printing, was consistently paid below the published minimum for his job title and less than new employees who had no prior experience. When Appellant raised these concerns internally and with the EEOC, he was later subjected to retaliation, including denial of transfers and exclusion from positions offered to his coworkers after the closure of his department.

Taken together, the record demonstrates both (1) improper dismissal on a technicality and (2) genuine disputes of material fact regarding discrimination and retaliation. The district court's decision should be reversed and the case remanded so that Appellant's claims may be heard on the merits.

# ARGUMENT

## I. The District Court Erred in Dismissing the Case for Improper Service

Federal Rule of Civil Procedure 4(h)(1)(B) provides that service on a corporation, partnership, or institution is proper when delivered "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."

Appellant personally served the University of Mississippi's Office of General Counsel, which the University itself describes as its legal representative in all litigation and compliance matters. University policy makes clear that the General Counsel acts on behalf of the Chancellor and the institution in legal disputes. (See Exhibits A. The district court convened a hearing in Greenville, Mississippi, on May 15, 2025; however, the proceeding was dismissed, depriving Appellant of the opportunity to be fully heard.

Service on the Office of General Counsel therefore satisfied Rule 4(h). The district court's dismissal on

grounds of “improper service” was legal error. This Court should reverse and remand for the case to proceed.

## II. Appellant Presented Evidence of Race Discrimination in Pay

Title VII prohibits discrimination in compensation on the basis of race. See 42 U.S.C. § 2000e-2(a).

The record shows:

- Underpayment at hiring: Appellant’s starting salary was $25,584 (Exhibit B), below the published minimum for his job title ($31,245).
- Pay reductions: In 2017, Appellant’s pay was reduced to $12.92/hour under the designation of a “temporary” assignment, without agreement or documentation (Exhibit C).

- Comparators: New employees with no experience were hired at or above Appellant’s salary and advanced more quickly, with one earning $36,000+ despite leaving the department without promotion (Exhibit D).
- Consistent disparity: Even when temporarily raised to $13.57/hour, Appellant’s pay was reverted back down, unlike similarly-situated employees.

This evidence establishes that Appellant was treated less favorably than peers outside his protected class, satisfying the elements of a prima facie Title VII claim.

## III. Appellant Presented Evidence of Retaliation After Complaints

Title VII also prohibits retaliation against employees who engage in protected activity. See 42 U.S.C. § 2000e-3(a).

The record demonstrates:

- Protected activity: Appellant raised concerns internally and filed charges with the EEOC.
- Adverse actions:
    - After complaints, Appellant was denied multiple positions he applied for within the University.
    - When the Printing Services department was closed, coworkers were reassigned, but Appellant was left without employment.
    - Appellant was eventually offered a different position only after repeated inquiries, and only after being sent home without work for a period of time.
- 
- Causal link: The close timing between Appellant’s complaints and his exclusion from reassignment supports a strong inference of retaliation.

This evidence creates genuine disputes of material fact that should have been heard on the merits rather than dismissed.

### IV. The Case Should Be Remanded for Consideration on the Merits

Because service was proper, and because Appellant established evidence of both discrimination and retaliation, dismissal was improper. The case should be reinstated and remanded for further proceedings.

# CONCLUSION

For these reasons, Appellant respectfully requests that this Court reverse the district court’s dismissal and remand for consideration of his discrimination and retaliation claims on the merits.

Respectfully submitted,

/s/ Christopher R. Knox

Christopher R. Knox, Pro Se

1191 Hwy 30 East

New Albany, MS 38652

(662) 266-3335

## ARGUMENT

The district court dismissed Appellant's case without ever considering the merits of his discrimination and retaliation claims. The dismissal was based solely on a technical service-of-process issue. Appellant, representing himself without legal counsel, served the University of Mississippi's Office of General Counsel — the University's designated legal representative in all matters. Dismissing the case under these circumstances elevated form over substance and unfairly denied Appellant the opportunity to have his claims heard.

Appellant presented evidence of longstanding pay disparities and discriminatory treatment. Despite holding a college degree and decades of printing experience, Appellant was consistently paid below the minimum salary range and below newer, less qualified employees. When he raised these concerns, he was subjected to retaliation, including repeated denials of other positions for which he was qualified and ultimately being laid off when his department was closed, while other employees were reassigned.

Title VII protects employees from both discrimination and retaliation. The record reflects that Appellant made good-faith efforts to resolve these issues internally and through the EEOC before filing this lawsuit. The district court's dismissal effectively silenced his claims without addressing the substance of these violations.

This Court should reverse the dismissal and remand for further proceedings, so that Appellant's claims may be decided on their merits rather than dismissed on a procedural technicality.

## CONCLUSION

For the reasons stated above, Appellant respectfully requests that this Court reverse the district court’s dismissal of his case and remand the matter for a full hearing on the merits of his claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964.

Appellant further requests any additional relief that this Court deems just and proper.

SUBMITTED BY:
S/Christopher R. Knox
Appellant, Pro Se
1191 Highway 30, E.
New Albany, MS 38652
662.266.3335
chrisknox3335@gmail.com
9-22-2025

**CERTIFICATE OF SERVICE**

I certify that on September 22, 2025, the foregoing document was forwarded via U.S. Mail to the following parties/ counsel:

David Whitcomb

Chief Legal Officer & General Counsel

The University of Mississippi

209 Lyceum

University, MS 38677

Clerk of Court

U.S. Court of Appeals for the Fifth Circuit

600 S. Maestri Place

New Orleans, LA 70130

Respectfully submitted,

S/Christopher R. Knox

Christopher R. Knox

1191 Highway 30 E.

New Albany, MS 38652

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of FED. R. APP. P. 32(a)(7)(B) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f) and 5th CIR. R. 32.1: this document contains 2232 words.

2. This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5), and 5th CIR. R. 32.1 and the type-style requirements of FED. R. APP. P. 32(a)(6) because:

this document has been prepared in a proportionally spaced typeface using Microsoft Word 2021 in 14-point Times New Roman

______________________________

S/Christopher R. Knox