**NO. 25-60342**

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

CHRISTOPHER R. KNOX

*Plaintiff – Appellant*

v.

UNIVERSITY OF MISSISSIPPI

*Defendant – Appellee*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION
CIVIL ACTION NO. 3:24-CV-229-MPM-JMV

---

# BRIEF OF APPELLEE

---


Paul B. Watkins, Jr. (MB No. 102348)
MAYO MALLETTE PLLC
2094 Old Taylor Road, Suite 200
Oxford, Mississippi 38655
Telephone: (662) 236-0055
Facsimile: (662) 236-0035
pwatkins@mayomallette.com

**NO. 25-60342**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER R. KNOX | Plaintiff – Appellant |
| v. | |
| UNIVERSITY OF MISSISSIPPI | Defendant – Appellee |

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| | |
|---|---|
| University of Mississippi | Defendant – Appellee |
| Mayo Mallette PLLC | Attorney for Defendant – Appellee |
| Paul B. Watkins, Jr. | |
| Christopher R. Knox<br>*Pro se* | Plaintiff – Appellant |
| Judge Michael P. Mills | U.S. District Judge for the Northern District of Mississippi |

SO CERTIFIED, this the 27th day of October 2025.

*/s/ Paul B. Watkins, Jr.*
Paul B. Watkins, Jr.
Attorney for Appellee

## STATEMENT REGARDING ORAL ARGUMENT

This matter presents a straightforward issue related to failure to properly service process. Oral argument is not necessary.

## TABLE OF CONTENTS

Certificate of Interested Persons ........ i

Statement Regarding Oral Argument ........ ii

Table of Contents ........ iii

Table of Authorities ........ v

Statement of the Issues ........ 1

Statement of the Case ........ 2

Summary of the Argument ........ 4

Argument ........ 4

1. Standard of review ........ 4

2. The District Court did not err in dismissing Knox's claim ........ 5

3. Knox's other arguments are not properly before the Court ........ 9

Conclusion ........ 10

Certificate of Compliance ........ 12

# TABLE OF AUTHORITIES

## CASES:

*Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992) .. .......................................................................................................................6

*Garcia v. Orta*, 47 F.4th 343, 349 (5th Cir. 2022)..........................................6, 7, 10

*Smith v. Bogalusa City*, No. 23-30707, 2024 WL 1156536, at *2 n.5 (5th Cir. Mar. 18, 2024) ..........................................................................................................5

*Thomas v. Univ. of Miss.*, No. 3:18-cv-00062-GHD-RP, 2018 WL 2451795, at *2 (N.D. Miss. May 31, 2018) ...........................................................................7

*Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013)..............4, 5, 6, 8, 9

## RULES:

Federal Rule of Civil Procedure 4 ..........................................................2, 4, 6, 7, 8

Mississippi Rule of Civil Procedure 4 ..................................................................2, 7

## STATEMENT OF THE ISSUES

1. Whether the Court should review the District Court's dismissal for an abuse of discretion or under a heightened standard of review.

2. Whether the District Court erred in dismissing Appellant Christopher Knox's claims for failure to properly serve process.

## STATEMENT OF THE CASE

Appellant Christopher Knox, an employee of the University of Mississippi, sued the University on August 2, 2024, for alleged violations of Title VII and 42 U.S.C. § 1981, alleging that his pay was cut after the University closed his department. ROA.5-9.[1] Knox purported to complete service by mailing a copy of the complaint to the University's General Counsel via United States Postal Service Priority Mail. ROA.17-19.

The University responded to the Complaint with a Motion to Dismiss on September 9, 2024, arguing that Knox had failed to serve process in a manner authorized by Federal Rule of Civil Procedure 4. The University's Brief in Support of that Motion set forth the two permissible methods of service upon an arm of the State of Mississippi in federal court:

> FED. R. CIV. P. 4(j) provides for service upon states and state entities by "delivering a copy of the summons and of the complaint to its chief executive officer" or by serving in a manner consistent with state law. MISS. R. CIV. P. 4(d) allows for service on a state institution by "delivering a copy of the summons and complaint to the Attorney General of the State of Mississippi."

ROA.27.

[1] Knox sought, and was denied, the District Court's leave to proceed *in forma pauperis*. ROA.13-14. He has not appealed the District Court's denial of that application.

Knox did not correct the deficient service. His untimely response to the Motion to Dismiss, filed on February 27, 2025, admitted that his attempt to serve the University's General Counsel by mail was a "mistake." ROA.32. On April 1, 2025, the District Court entered an Order acknowledging that Knox had failed to perfect service but allowing him an additional forty-five days in which to do so and to "file a Proof of Service indicating that service of process has been perfected" in one of the manners provided by the applicable rules. ROA.34-35.

Knox again attempted service to the University's Office of General Counsel around April 22, 2025, apparently without including a summons, but service was refused. ROA.46. The record indicates no other attempt at service of process.

The University filed a Motion for Judgment on the Pleadings on May 22, 2025, arguing that Plaintiff had failed to perfect process or comply with the District Court's April 1 Order. ROA.85. Knox did not respond to that Motion. The District Court granted the Motion for Judgment on the Pleadings on June 9, 2025, finding that Knox had failed to perfect service and that dismissal was required by FED. R. CIV. P. 4(m). ROA.95-96. This appeal followed.

## SUMMARY OF THE ARGUMENT

Knox failed to perfect service of process upon the University of Mississippi, an arm of the State of Mississippi, in a manner authorized by FED. R. CIV. P. 4(j). After the University moved to dismiss, the District Court gave him an additional forty-five days in which to perfect service. The District Court did not abuse its discretion in dismissing Plaintiff's lawsuit after he failed to perfect service for more than ten months after filing his lawsuit. Plaintiff's arguments as to the merits of his action are not properly before the Court because the District Court did not have an opportunity to rule upon them.

## ARGUMENT

### *1. Standard of review.*

This Court typically reviews a district court's dismissal under Rule 4(m) for an abuse of discretion. *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013). By its own terms, Rule 4(m) requires dismissal without prejudice when a plaintiff fails to serve process within ninety days. However, "[i]f 'the applicable statute of limitations likely bars future litigation, a district court's dismissal of claims under Rule 4(m) should be reviewed under the same heightened standard used to review a dismissal with prejudice.'" *Id*. (*citing Millan v. USAA Gen. Indem. Co*., 546 F.3d 321, 326 (5th Cir. 2008)). Under that standard, dismissal "'is warranted only where a clear record of delay or contumacious conduct by the

plaintiff' exists and a lesser sanction would not better serve the interests of justice." *Id*. The heightened standard does not apply in this case, and the Court should review the dismissal for an abuse of discretion.

This Court has recently recognized in a pair of unpublished opinions that plaintiffs forfeit the argument that a heightened standard of review applies to dismissals without prejudice where they fail to describe to the district court "*which* of their claims specifically are time-barred, *how* they are time-barred, and *why* they are time-barred." *Smith v. Bogalusa City*, No. 23-30707, 2024 WL 1156536, at *2 n.5 (5th Cir. Mar. 18, 2024) (*citing Jones v. Meridian Sec. Ins. Co.*, No. 23-10148, 2023 WL 6518145, at *3 (5th Cir. Oct. 5, 2023)) (emphasis in original). The Court held in *Jones* that even raising the possibility of a time bar before the district court, without legal or record support, does not "fairly put [the lower court] on notice as to the substance of the issue." 2023 WL 6518145, at *4 (*citing Nelson v. Adams USA, Inc.*, 529 U.S. 460, 469 (2000)). Here, Knox has never suggested – either to the District Court or this Court – that his claims would be time-barred, much less provided legal or record support for such an argument. He has forfeited any argument that a heightened standard of review applies, and the Court should review the dismissal for an abuse of discretion.

***2. The District Court did not err in dismissing Knox's claim.***

The University's Motion to Dismiss, and later its Motion for Judgment on the Pleadings, challenged the service of Knox's summons. This Court has held that, "once the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity." *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

FED. R. CIV. P. 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"Even if the plaintiff lacks good cause, the court has discretion to extend the time for service." *Thrasher*, 709 F.3d at 511. However, "[a] litigant's *pro se* status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." *Id*. at 512.

The District Court did not abuse its discretion in dismissing Knox's claims. Knox did not argue to the District Court – and has not argued on appeal – that his failure to properly serve process was excused by good cause. Instead, he argues that service of process upon the University's Office of General Counsel was sufficient under FED. R. CIV. P. 4(h), which governs service on corporations, partnerships, and associations. Brf., at 8-9. Knox has forfeited this argument because he did not raise it before the District Court. *Garcia v. Orta*, 47 F.4th 343,

349 (5th Cir. 2022) ("The raising party must present the issue so that it places the opposing party and the court on notice that [the] issue is being raised.") (*citing Kelly v. Foti*, 77 F.3d 819, 823 (5th Cir. 1996)).

Even if Knox had not forfeited the argument, it would fail. FED. R. CIV. P. 4(j)(2) provides that a state entity such as a public university "must be served by (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." *See generally Thomas v. Univ. of Miss.*, No. 3:18-cv-00062-GHD-RP, 2018 WL 2451795, at *2 (N.D. Miss. May 31, 2018) ("The University of Mississippi is a state university, managed and controlled by the Board of Trustees of the Institute of Higher Learning; both entities are established by the Mississippi Constitution."). MISS. R. CIV. P. 4(d) allows for service on a state institution by "delivering a copy of the summons and complaint to the Attorney General of the State of Mississippi." There is no dispute that Knox failed to serve either the University's chief executive officer or the State Attorney General.

The District Court allowed Knox an additional forty-five days to perfect service even though he did not show good cause for his failure or ask for additional time. That Order also specifically noted that the University's Motion to Dismiss had "correctly denote[d] two ways Mr. Knox can serve process without violating

Rule 4" and warned him that the Court would dismiss his claims if he did not perfect service. ROA.35. Even armed with this guidance, Knox failed to perfect service within the extended time allowed by the District Court. The District Court properly exercised its discretion in allowing Knox additional time, and it did not abuse its discretion in dismissing his claims under Rule 4(m).

Even under the more exacting standard applied to dismissals with prejudice, the District Court did not err in dismissing Knox's claims. Dismissal under that standard "is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Thrasher*, 709 F.3d at 513 (*citing Millan*, 546 F.3d at 326). The Court has also generally found at least one of three aggravating factors when affirming dismissals with prejudice: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*. at 514 (*citing Millan*, 546 F.3d at 326)).

The facts of this case are similar to those in *Thrasher*, in which this Court affirmed a failure-to-serve dismissal under the heightened standard. In that case, after the plaintiff first failed to properly serve process, the district court gave him an additional nine days "and instructed him that he should serve Defendants in accordance with Rule 4." *Id*. Here, the District Court gave Knox an additional

forty-five days and noted the proper methods of service. In both cases, the plaintiffs missed their extended deadline.

In *Thrasher*, the plaintiff did not respond to the defendants' motion to dismiss for nearly six months and "did not perfect service on Defendants for almost ten months after filing his complaint." *Id*. at 513. Here, Knox did not respond to the University's first motion to dismiss for nearly six months, and he did not perfect service at all.

Finally, in *Thrasher*, the Court found that the first aggravating factor was present because, though the plaintiff was "briefly" represented by counsel, the record reflected he "was representing himself long after the extended deadline for obtaining service had passed." *Id*. at 514. Knox cannot show that his failure to perfect service was his attorney's fault because he has represented himself for the entirety of this litigation.

The District Court did not abuse its discretion in dismissing Knox's claims for failure to serve process, and the dismissal would not constitute error even under the heightened standard of review for dismissals with prejudice. The Court should affirm the judgment of the District Court.

### ***3. Knox's other arguments are not properly before the Court.***

Knox's remaining assignments of error relate to the merits of his claims. *See* Brf., at 10 ("This evidence establishes that Appellant was treated less favorably

than peers outside his protected class, satisfying the elements of a prima facie Title VII claim."); 11 ("This evidence creates genuine disputes of material fact that should have been heard on the merits rather than dismissed."). However, there is no evidentiary record on which the District Court could have acted because discovery in this matter was in its earliest stages when the District Court granted the University's Motion for Judgment on the Pleadings on June 9, 2025. The District Court's Case Management Order, entered on May 15, 2025, had set a discovery deadline of November 17, 2025. ROA.57.

Because Knox's substantive issues could not have been raised before, or considered by, the District Court at the time it dismissed Knox's claims, the Court should not consider them on appeal. *See*, *e.g.*, *Garcia v. Orta*, 47 F.4th 343, 349 (5th Cir. 2022) ("Generally, 'arguments not raised before the district court are waived and will not be considered on appeal.'") (*citing Celanese Corp. v. Martin K. Eby Constr. Co.*, 620 F.3d 529, 531 (5th Cir. 2010)).

## CONCLUSION

The District Court properly dismissed this action because Appellant Christopher Knox failed to perfect service of process in a manner authorized by the Federal Rules of Civil Procedure. The Court should affirm the judgment of the District Court.

THIS, the 27th day of October 2025.

Respectfully submitted,

UNIVERSITY OF MISSISSIPPI

*/s/ Paul B. Watkins, Jr.*

PAUL B. WATKINS, JR. (MB NO. 102348)
MAYO MALLETTE PLLC
2094 Old Taylor Road, Suite 200
Oxford, Mississippi 38655
Telephone: (662) 236-0055
Facsimile: (662) 236-0035
pwatkins@mayomallette.com
*Its Attorney*

**CERTIFICATE OF SERVICE**

I, Paul B. Watkins, Jr., the attorney for Appellee, do certify that I have electronically filed this document in the CM/ECF system with the Clerk of the Court which sent notification of the filing to all attorneys of record and have forwarded a copy of this document via U.S. Mail and E-Mail to the following:

Christopher R. Knox
1191 Highway 30 E
New Albany, MS 38652
chrisknox3335@gmail.com

*/s/ Paul B. Watkins, Jr.*
PAUL B. WATKINS, JR.

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of FED. R. APP. P. 28.1(e)(2)(B)(i) because this brief contains 2,169 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(f), according to the word count of the word processing system used to prepare the document. This brief complies with the typeface requirements of FED. R. APP. R. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Mac, version 16.102 in Times New Roman font 14-point type face, except for footnotes, which were prepared in Times New Roman 12-point type face.

*/s/ Paul B. Watkins, Jr.*
PAUL B. WATKINS, JR.