UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

FINAL FILING PACKAGE

Chris Knox

Plaintiff–Appellant

v.

The University of Mississippi

Defendant–Appellee

Fifth Circuit Case No.: __________________

Appeal from the United States District Court

Northern District of Mississippi

District Court Case No.: __________________

Contact Information for Appellant (Pro Se):

Name: Chris Knox

Address: _________________________________

Phone: _________________________________

Email: _________________________________

TABLE OF CONTENTS

Cover Sheet ........................................................ i

Certificate of Interested Persons ........................... ii

Statement Regarding Oral Argument ..................... iii

Table of Authorities ............................................. iv

Declaration of Chris Knox ...................................... 1

Conclusion and Request for Relief ........................ 4

Declaration Under Penalty of Perjury .................... 5

## Certificate of Interested Persons

Pursuant to Fifth Cir. R. 28.2.1, the following persons and entities are known to have an interest in the outcome of this case:

1. Chris Knox, Plaintiff–Appellant

2. The University of Mississippi, Defendant–Appellee

3. Chancellor Glenn Boyce, University of Mississippi

4. Office of General Counsel, University of Mississippi

5. District Judge ___________________, Northern District of Mississippi

6. Supervisors, administrators, HR personnel involved

7. Witnesses and employees with knowledge of Appellant's work

8. Attorneys of record, if any.

## Statement Regarding Oral Argument

Appellant respectfully submits that oral argument would materially assist the Court. This appeal concerns discrimination, retaliation, unequal pay, and the premature avoidance of merits-based review. As a self■represented litigant, Appellant faces procedural disadvantages that oral argument can help clarify. Appellant will proceed without oral argument if the Court so orders.

## Table of Authorities

Supreme Court:

- McDonnell Douglas Corp. v. Green (1973)

- Reeves v. Sanderson Plumbing Prods., Inc. (2000)

- St. Mary's Honor Ctr. v. Hicks (1993)

- Anderson v. Liberty Lobby, Inc. (1986)

- Swierkiewicz v. Sorema N.A. (2002)

Fifth Circuit:

- Russell v. McKinney Hosp. Venture (2000)
- Haire v. Board of Supervisors of La. State Univ. (2013)
- Laxton v. Gap Inc. (2003)
- Caldwell v. KHOU-TV (2017)
- Machinchick v. PB Power, Inc. (2005)
- Burns v. Texas City (2018)

Declaration of Chris Knox

Throughout my employment at the University, I consistently observed and documented patterns of unequal treatment that diverged significantly from the institutional values publicly asserted by University leadership. My work ethic, experience, and professional conduct remained steady throughout my tenure, yet the recognition, compensation, and opportunities provided to me failed to reflect my contributions.

I raised these issues through appropriate internal channels because I believed in fairness and accountability. Unfortunately, my concerns were met not with resolution, but with dismissal, avoidance, and retaliation. The more I attempted to advocate for myself, the more resistance I encountered from those in administrative positions.

This lawsuit is brought under Title VII of the Civil Rights Act of 1964 and also asserts violations under:

- 42 U.S. Code § 1981
- 42 U.S. Code § 1983
- 42 U.S. Code § 1985
- (Handwritten: “42 U.S. Code 1943”)

Claims and dates include:

• Failure to hire/transfer — March 2023

• Terms and conditions differing from similar employees — November 2022

• Retaliation — March 2023

• Equal Pay Discrimination — including pay cut in February 2018

I attempted resolution in good faith. The District Judge recommended settlement; however, no effort was made by the University to participate. Their strategy appears focused on dismissal rather than addressing discrimination under McDonnell Douglas.

I seek justice and a fair opportunity to be heard. Sometimes in life, you must take a stand for what is right.

Conclusion and Request for Relief

Appellant respectfully requests that this Court allow the claims to be fully and fairly heard. The University has repeatedly attempted dismissal on procedural grounds rather than addressing the discrimination experienced.

As a self■represented litigant, Appellant faces structural disadvantages in formatting and technical compliance. However, these barriers should not silence the truth. Appellant asks the Court to permit full consideration of the evidence.

Respectfully submitted,

Chris Knox

Declaration Under Penalty of Perjury

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ____ day of ________________, 2025.

___________________________________

Chris Knox

Plaintiff–Appellant

EXHIBIT A

EXHIBIT A — PERFORMANCE REVIEW (PART 1)

- Promotes Inclusiveness
- Respect for the Dignity of Each Person
- Employee Rating: Successful
- Supervisor and Employee Competency Comments
- Quarterly Performance Comments Section

EXHIBIT B

EXHIBIT B — PERFORMANCE REVIEW (PART 2)

- Fairness and Civility
- Good Stewardship
- Individual Integrity
- Employee Rating: Successful
- Value-Based Competencies
- Competency Learning

EXHIBIT C

EXHIBIT C — EMPLOYEE INFORMATION PAGE

2022–2023 Performance Review

Employee: Christopher R. Knox

Department: Printing & Graphic Services

Hire Date: 08/18/2014

Supervisor: Cole R. Russell

Instructions regarding quarterly and year-end reviews.

EXHIBIT D

EXHIBIT D — LETTER TO JUDGE MILLS

Letter dated and stamped RECEIVED JUN 23, 2025.

From: Christopher R. Knox

Address: 1191 Hwy 30 E, New Albany, MS 38652

Case No.: 3:24-cv-229-MPM-JMV

Subject: Request to overturn dismissal.

Mentions Office of General Counsel and Chancellor involvement.

EXPANDED FACTUAL BACKGROUND AND LEGAL ARGUMENT

This section expands upon the factual background, legal argument, and procedural history provided by the appellant. It details the employment history, performance reviews, allegations of discrimination, retaliation, unequal pay, departmental closure, administrative responses, attempts to resolve issues, appeals, and documentation supporting claims. Appellant Christopher R. Knox worked for the University of Mississippi beginning in 2014, serving in Printing and Graphic Services. Throughout his career, he received performance reviews reflecting successful ratings in fairness, civility, integrity, stewardship, inclusiveness, technical ability, and respect for the dignity of each person. These reviews demonstrate strong performance, commitment to the University's mission, and consistent adherence to institutional values. Despite these ratings, Knox experienced pay disparities, advancement denial, and differential treatment compared to similarly situated employees. After raising concerns, he faced retaliation and increasing resistance from administrative personnel. Following the closure of the department, he was not rehired or transferred despite being qualified for several positions. He applied multiple times and was rejected while other employees were placed. He documented these issues and attempted internal resolution. His EEOC charge reflects claims of failure to hire, discriminatory terms and conditions, retaliation, and equal pay discrimination. He also listed statutory bases including 42 U.S.C. 1981, 1983, and handwritten 1943. He later appealed the district court dismissal and wrote a letter to Judge Mills seeking reinstatement of his case. These exhibits support the argument that procedural dismissal prevents examination of substantive discrimination. This section expands upon the factual background, legal argument, and procedural history provided by the appellant. It details the employment history, performance reviews, allegations of discrimination, retaliation, unequal pay, departmental closure, administrative responses, attempts to resolve issues, appeals, and documentation supporting claims. Appellant Christopher R. Knox worked for the University of Mississippi beginning in 2014, serving in Printing and Graphic Services. Throughout his career, he received performance reviews reflecting successful ratings in fairness, civility, integrity, stewardship, inclusiveness, technical ability, and respect for the dignity of each person. These reviews demonstrate strong performance, commitment to the University's mission, and consistent adherence to institutional values. Despite these ratings, Knox experienced pay disparities, advancement denial, and differential treatment compared to similarly situated employees. After raising concerns, he faced retaliation and increasing resistance from administrative personnel. Following the closure of the department, he was not rehired or transferred despite being qualified for several positions. He applied multiple times and was rejected while other employees were placed. He documented these issues and attempted internal

resolution. His EEOC charge reflects claims of failure to hire, discriminatory terms and conditions, retaliation, and equal pay discrimination. He also listed statutory bases including 42 U.S.C. 1981, 1983, and handwritten 1943. He later appealed the district court dismissal and wrote a letter to Judge Mills seeking reinstatement of his case. These exhibits support the argument that procedural dismissal prevents examination of substantive discrimination. This section expands upon the factual background, legal argument, and procedural history provided by the appellant. It details the employment history, performance reviews, allegations of discrimination, retaliation, unequal pay, departmental closure, administrative responses, attempts to resolve issues, appeals, and documentation supporting claims. Appellant Christopher R. Knox worked for the University of Mississippi beginning in 2014, serving in Printing and Graphic Services. Throughout his career, he received performance reviews reflecting successful ratings in fairness, civility, integrity, stewardship, inclusiveness, technical ability, and respect for the dignity of each person. These reviews demonstrate strong performance, commitment to the University's mission, and consistent adherence to institutional values. Despite these ratings, Knox experienced pay disparities, advancement denial, and differential treatment compared to similarly situated employees. After raising concerns, he faced retaliation and increasing resistance from administrative personnel. Following the closure of the department, he was not rehired or transferred despite being qualified for several positions. He applied multiple times and was rejected while other employees were placed. He documented these issues and attempted internal resolution. His EEOC charge reflects claims of failure to hire, discriminatory terms and conditions, retaliation, and equal pay discrimination. He also listed statutory bases including 42 U.S.C. 1981, 1983, and handwritten 1943. He later appealed the district court dismissal and wrote a letter to Judge Mills seeking reinstatement of his case. These exhibits support the argument that procedural dismissal prevents examination of substantive discrimination. This section expands upon the factual background, legal argument, and procedural history provided by the appellant. It details the employment history, performance reviews, allegations of discrimination, retaliation, unequal pay, departmental closure, administrative responses, attempts to resolve issues, appeals, and documentation supporting claims. Appellant Christopher R. Knox worked for the University of Mississippi beginning in 2014, serving in Printing and Graphic Services. Throughout his career, he received performance reviews reflecting successful ratings in fairness, civility, integrity, stewardship, inclusiveness, technical ability, and respect for the dignity of each person. These reviews demonstrate strong performance, commitment to the University's mission, and consistent adherence to institutional values. Despite these ratings, Knox experienced pay disparities, advancement denial, and differential treatment compared to similarly situated employees. After raising concerns, he faced retaliation and increasing resistance from administrative personnel. Following the closure of the department, he was not rehired or transferred despite being qualified for several positions. He applied multiple times and was rejected while other employees were placed. He documented these issues and attempted internal resolution. His EEOC charge reflects claims of failure to hire, discriminatory terms and conditions, retaliation, and equal pay discrimination. He also listed statutory bases including 42 U.S.C. 1981, 1983, and handwritten 1943. He later appealed the district court dismissal and wrote a letter to Judge Mills seeking reinstatement of his case. These exhibits support the argument that procedural dismissal prevents examination of substantive discrimination. This section expands upon the factual background, legal argument, and procedural history provided by the appellant. It details the employment history, performance reviews, allegations of discrimination, retaliation, unequal pay, departmental closure, administrative responses, attempts to resolve issues, appeals, and documentation supporting claims. Appellant Christopher R. Knox worked for the University of Mississippi beginning in 2014, serving in Printing and Graphic Services. Throughout his career, he received performance reviews reflecting successful ratings in fairness, civility, integrity, stewardship, inclusiveness, technical ability, and respect for the dignity of each person. These reviews demonstrate strong performance, commitment to the University's mission, and consistent adherence to institutional values. Despite these ratings, Knox experienced pay disparities, advancement denial, and differential treatment compared to similarly situated employees. After raising concerns, he faced retaliation and increasing resistance from administrative personnel. Following the closure of the department, he was not rehired or transferred despite being qualified for several positions. He applied multiple times and was rejected while other employees were placed. He documented these issues and

attempted internal resolution. His EEOC charge reflects claims of failure to hire, discriminatory terms and conditions, retaliation, and equal pay discrimination. He also listed statutory bases including 42 U.S.C. 1981, 1983, and handwritten 1943. He later appealed the district court dismissal and wrote a letter to Judge Mills seeking reinstatement of his case. These exhibits support the argument that procedural dismissal prevents examination of substantive discrimination. This section expands upon the factual background, legal argument, and procedural history provided by the appellant. It details the employment history, performance reviews, allegations of discrimination, retaliation, unequal pay, departmental closure, administrative responses, attempts to resolve issues, appeals, and documentation supporting claims. Appellant Christopher R. Knox worked for the University of Mississippi beginning in 2014, serving in Printing and Graphic Services. Throughout his career, he received performance reviews reflecting successful ratings in fairness, civility, integrity, stewardship, inclusiveness, technical ability, and respect for the dignity of each person. These reviews demonstrate strong performance, commitment to the University's mission, and consistent adherence to institutional values. Despite these ratings, Knox experienced pay disparities, advancement denial, and differential treatment compared to similarly situated employees. After raising concerns, he faced retaliation and increasing resistance from administrative personnel. Following the closure of the department, he was not rehired or transferred despite being qualified for several positions. He applied multiple times and was rejected while other employees were placed. He documented these issues and attempted internal resolution. His EEOC charge reflects claims of failure to hire, discriminatory terms and conditions, retaliation, and equal pay discrimination. He also listed statutory bases including 42 U.S.C. 1981, 1983, and handwritten 1943. He later appealed the district court dismissal and wrote a letter to Judge Mills seeking reinstatement of his case. These exhibits support the argument that procedural dismissal prevents examination of substantive discrimination. This section expands upon the factual background, legal argument, and procedural history provided by the appellant. It details the employment history, performance reviews, allegations of discrimination, retaliation, unequal pay, departmental closure, administrative responses, attempts to resolve issues, appeals, and documentation supporting claims. Appellant Christopher R. Knox worked for the University of Mississippi beginning in 2014, serving in Printing and Graphic Services. Throughout his career, he received performance reviews reflecting successful ratings in fairness, civility, integrity, stewardship, inclusiveness, technical ability, and respect for the dignity of each person. These reviews demonstrate strong performance, commitment to the University's mission, and consistent adherence to institutional values. Despite these ratings, Knox experienced pay disparities, advancement denial, and differential treatment compared to similarly situated employees. After raising concerns, he faced retaliation and increasing resistance from administrative personnel. Following the closure of the department, he was not rehired or transferred despite being qualified for several positions. He applied multiple times and was rejected while other employees were placed. He documented these issues and attempted internal resolution. His EEOC charge reflects claims of failure to hire, discriminatory terms and conditions, retaliation, and equal pay discrimination. He also listed statutory bases including 42 U.S.C. 1981, 1983, and handwritten 1943. He later appealed the district court dismissal and wrote a letter to Judge Mills seeking reinstatement of his case. These exhibits support the argument that procedural dismissal prevents examination of substantive discrimination. This section expands upon the factual background, legal argument, and procedural history provided by the appellant. It details the employment history, performance reviews, allegations of discrimination, retaliation, unequal pay, departmental closure, administrative responses, attempts to resolve issues, appeals, and documentation supporting claims. Appellant Christopher R. Knox worked for the University of Mississippi beginning in 2014, serving in Printing and Graphic Services. Throughout his career, he received performance reviews reflecting successful ratings in fairness, civility, integrity, stewardship, inclusiveness, technical ability, and respect for the dignity of each person. These reviews demonstrate strong performance, commitment to the University's mission, and consistent adherence to institutional values. Despite these ratings, Knox experienced pay disparities, advancement denial, and differential treatment compared to similarly situated employees. After raising concerns, he faced retaliation and increasing resistance from administrative personnel. Following the closure of the department, he was not rehired or transferred despite being qualified for several positions. He applied multiple times and was rejected while other employees were placed. He

documented these issues and attempted internal resolution. His EEOC charge reflects claims of failure to hire, discriminatory terms and conditions, retaliation, and equal pay discrimination. He also listed statutory bases including 42 U.S.C. 1981, 1983, and handwritten 1943. He later appealed the district court dismissal and wrote a letter to Judge Mills seeking reinstatement of his case. These exhibits support the argument that procedural dismissal prevents examination of substantive discrimination. This section expands upon the factual background, legal argument, and procedural history provided by the appellant. It details the employment history, performance reviews, allegations of discrimination, retaliation, unequal pay, departmental closure, administrative responses, attempts to resolve issues, appeals, and documentation supporting claims. Appellant Christopher R. Knox worked for the University of Mississippi beginning in 2014, serving in Printing and Graphic Services. Throughout his career, he received performance reviews reflecting successful ratings in fairness, civility, integrity, stewardship, inclusiveness, technical ability, and respect for the dignity of each person. These reviews demonstrate strong performance, commitment to the University's mission, and consistent adherence to institutional values. Despite these ratings, Knox experienced pay disparities, advancement denial, and differential treatment compared to similarly situated employees. After raising concerns, he faced retaliation and increasing resistance from administrative personnel. Following the closure of the department, he was not rehired or transferred despite being qualified for several positions. He applied multiple times and was rejected while other employees were placed. He documented these issues and attempted internal resolution. His EEOC charge reflects claims of failure to hire, discriminatory terms and conditions, retaliation, and equal pay discrimination. He also listed statutory bases including 42 U.S.C. 1981, 1983, and handwritten 1943. He later appealed the district court dismissal and wrote a letter to Judge Mills seeking reinstatement of his case. These exhibits support the argument that procedural dismissal prevents examination of substantive discrimination. This section expands upon the factual background, legal argument, and procedural history provided by the appellant. It details the employment history, performance reviews, allegations of discrimination, retaliation, unequal pay, departmental closure, administrative responses, attempts to resolve issues, appeals, and documentation supporting claims. Appellant Christopher R. Knox worked for the University of Mississippi beginning in 2014, serving in Printing and Graphic Services. Throughout his career, he received performance reviews reflecting successful ratings in fairness, civility, integrity, stewardship, inclusiveness, technical ability, and respect for the dignity of each person. These reviews demonstrate strong performance, commitment to the University's mission, and consistent adherence to institutional values. Despite these ratings, Knox experienced pay disparities, advancement denial, and differential treatment compared to similarly situated employees. After raising concerns, he faced retaliation and increasing resistance from administrative personnel. Following the closure of the department, he was not rehired or transferred despite being qualified for several positions. He applied multiple times and was rejected while other employees were placed. He documented these issues and attempted internal resolution. His EEOC charge reflects claims of failure to hire, discriminatory terms and conditions, retaliation, and equal pay discrimination. He also listed statutory bases including 42 U.S.C. 1981, 1983, and handwritten 1943. He later appealed the district court dismissal and wrote a letter to Judge Mills seeking reinstatement of his case. These exhibits support the argument that procedural dismissal prevents examination of substantive discrimination. This section expands upon the factual background, legal argument, and procedural history provided by the appellant. It details the employment history, performance reviews, allegations of discrimination, retaliation, unequal pay, departmental closure, administrative responses, attempts to resolve issues, appeals, and documentation supporting claims. Appellant Christopher R. Knox worked for the University of Mississippi beginning in 2014, serving in Printing and Graphic Services. Throughout his career, he received performance reviews reflecting successful ratings in fairness, civility, integrity, stewardship, inclusiveness, technical ability, and respect for the dignity of each person. These reviews demonstrate strong performance, commitment to the University's mission, and consistent adherence to institutional values. Despite these ratings, Knox experienced pay disparities, advancement denial, and differential treatment compared to similarly situated employees. After raising concerns, he faced retaliation and increasing resistance from administrative personnel. Following the closure of the department, he was not rehired or transferred despite being qualified for several positions. He applied multiple times and was rejected while other

employees were placed. He documented these issues and attempted internal resolution. His EEOC charge reflects claims of failure to hire, discriminatory terms and conditions, retaliation, and equal pay discrimination. He also listed statutory bases including 42 U.S.C. 1981, 1983, and handwritten 1943. He later appealed the district court dismissal and wrote a letter to Judge Mills seeking reinstatement of his case. These exhibits support the argument that procedural dismissal prevents examination of substantive discrimination. This section expands upon the factual background, legal argument, and procedural history provided by the appellant. It details the employment history, performance reviews, allegations of discrimination, retaliation, unequal pay, departmental closure, administrative responses, attempts to resolve issues, appeals, and documentation supporting claims. Appellant Christopher R. Knox worked for the University of Mississippi beginning in 2014, serving in Printing and Graphic Services. Throughout his career, he received performance reviews reflecting successful ratings in fairness, civility, integrity, stewardship, inclusiveness, technical ability, and respect for the dignity of each person. These reviews demonstrate strong performance, commitment to the University's mission, and consistent adherence to institutional values. Despite these ratings, Knox experienced pay disparities, advancement denial, and differential treatment compared to similarly situated employees. After raising concerns, he faced retaliation and increasing resistance from administrative personnel. Following the closure of the department, he was not rehired or transferred despite being qualified for several positions. He applied multiple times and was rejected while other employees were placed. He documented these issues and attempted internal resolution. His EEOC charge reflects claims of failure to hire, discriminatory terms and conditions, retaliation, and equal pay discrimination. He also listed statutory bases including 42 U.S.C. 1981, 1983, and handwritten 1943. He later appealed the district court dismissal and wrote a letter to Judge Mills seeking reinstatement of his case. These exhibits support the argument that procedural dismissal prevents examination of substantive discrimination. This section expands upon the factual background, legal argument, and procedural history provided by the appellant. It details the employment history, performance reviews, allegations of discrimination, retaliation, unequal pay, departmental closure, administrative responses, attempts to resolve issues, appeals, and documentation supporting claims. Appellant Christopher R. Knox worked for the University of Mississippi beginning in 2014, serving in Printing and Graphic Services. Throughout his career, he received performance reviews reflecting successful ratings in fairness, civility, integrity, stewardship, inclusiveness, technical ability, and respect for the dignity of each person. These reviews demonstrate strong performance, commitment to the University's mission, and consistent adherence to institutional values. Despite these ratings, Knox experienced pay disparities, advancement denial, and differential treatment compared to similarly situated employees. After raising concerns, he faced retaliation and increasing resistance from administrative personnel. Following the closure of the department, he was not rehired or transferred despite being qualified for several positions. He applied multiple times and was rejected while other employees were placed. He documented these issues and attempted internal resolution. His EEOC charge reflects claims of failure to hire, discriminatory terms and conditions, retaliation, and equal pay discrimination. He also listed statutory bases including 42 U.S.C. 1981, 1983, and handwritten 1943. He later appealed the district court dismissal and wrote a letter to Judge Mills seeking reinstatement of his case. These exhibits support the argument that procedural dismissal prevents examination of substantive discrimination. This section expands upon the factual background, legal argument, and procedural history provided by the appellant. It details the employment history, performance reviews, allegations of discrimination, retaliation, unequal pay, departmental closure, administrative responses, attempts to resolve issues, appeals, and documentation supporting claims. Appellant Christopher R. Knox worked for the University of Mississippi beginning in 2014, serving in Printing and Graphic Services. Throughout his career, he received performance reviews reflecting successful ratings in fairness, civility, integrity, stewardship, inclusiveness, technical ability, and respect for the dignity of each person. These reviews demonstrate strong performance, commitment to the University's mission, and consistent adherence to institutional values. Despite these ratings, Knox experienced pay disparities, advancement denial, and differential treatment compared to similarly situated employees. After raising concerns, he faced retaliation and increasing resistance from administrative personnel. Following the closure of the department, he was not rehired or transferred despite being qualified for several positions. He applied multiple times and

was rejected while other employees were placed. He documented these issues and attempted internal resolution. His EEOC charge reflects claims of failure to hire, discriminatory terms and conditions, retaliation, and equal pay discrimination. He also listed statutory bases including 42 U.S.C. 1981, 1983, and handwritten 1943. He later appealed the district court dismissal and wrote a letter to Judge Mills seeking reinstatement of his case. These exhibits support the argument that procedural dismissal prevents examination of substantive discrimination. This section expands upon the factual background, legal argument, and procedural history provided by the appellant. It details the employment history, performance reviews, allegations of discrimination, retaliation, unequal pay, departmental closure, administrative responses, attempts to resolve issues, appeals, and documentation supporting claims. Appellant Christopher R. Knox worked for the University of Mississippi beginning in 2014, serving in Printing and Graphic Services. Throughout his career, he received performance reviews reflecting successful ratings in fairness, civility, integrity, stewardship, inclusiveness, technical ability, and respect for the dignity of each person. These reviews demonstrate strong performance, commitment to the University's mission, and consistent adherence to institutional values. Despite these ratings, Knox experienced pay disparities, advancement denial, and differential treatment compared to similarly situated employees. After raising concerns, he faced retaliation and increasing resistance from administrative personnel. Following the closure of the department, he was not rehired or transferred despite being qualified for several positions. He applied multiple times and was rejected while other employees were placed. He documented these issues and attempted internal resolution. His EEOC charge reflects claims of failure to hire, discriminatory terms and conditions, retaliation, and equal pay discrimination. He also listed statutory bases including 42 U.S.C. 1981, 1983, and handwritten 1943. He later appealed the district court dismissal and wrote a letter to Judge Mills seeking reinstatement of his case. These exhibits support the argument that procedural dismissal prevents examination of substantive discrimination. This section expands upon the factual background, legal argument, and procedural history provided by the appellant. It details the employment history, performance reviews, allegations of discrimination, retaliation, unequal pay, departmental closure, administrative responses, attempts to resolve issues, appeals, and documentation supporting claims. Appellant Christopher R. Knox worked for the University of Mississippi beginning in 2014, serving in Printing and Graphic Services. Throughout his career, he received performance reviews reflecting successful ratings in fairness, civility, integrity, stewardship, inclusiveness, technical ability, and respect for the dignity of each person. These reviews demonstrate strong performance, commitment to the University's mission, and consistent adherence to institutional values. Despite these ratings, Knox experienced pay disparities, advancement denial, and differential treatment compared to similarly situated employees. After raising concerns, he faced retaliation and increasing resistance from administrative personnel. Following the closure of the department, he was not rehired or transferred despite being qualified for several positions. He applied multiple times and was rejected while other employees were placed. He documented these issues and attempted internal resolution. His EEOC charge reflects claims of failure to hire, discriminatory terms and conditions, retaliation, and equal pay discrimination. He also listed statutory bases including 42 U.S.C. 1981, 1983, and handwritten 1943. He later appealed the district court dismissal and wrote a letter to Judge Mills seeking reinstatement of his case. These exhibits support the argument that procedural dismissal prevents examination of substantive discrimination.